**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0699-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTHONAY C. MCIVER a/k/a
ANTHONAY MCIVEE BUBBA,
ANTHONAY MCIVER, and
ANTHONAY CHARISH MCIVER,

     Defendant-Appellant.

_____

Submitted April 20, 2021 – Decided May 11, 2021

Before Judges Moynihan and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 18-09-0819.

Joseph E. Krakora, Public Defender, attorney for appellant (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Andre R. Araujo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Anthonay C. McIver, who pleaded guilty to one count of third-degree forgery, N.J.S.A. 2C:21-1(a)(1), appeals an order denying her motion for entry into the pre-trial intervention program. Because the prosecutor improperly considered inapplicable factors in rejecting defendant's PTI application, we reverse and remand to the prosecutor for reconsideration of defendant's eligibility for PTI.

At the age of nineteen, defendant was arrested after a bank had accused her of attempting to deposit a fraudulent check. She later admitted she had used without permission her mother's checkbook from a closed account, forged her mother's name on checks, deposited the checks with the intent to defraud the bank, and withdrew from the bank approximately $25,000. She was able to withdraw the funds because the bank made them available for withdrawal soon after deposit before the checks had cleared. In reality, the funds were never transferred to defendant's account because her mother's account had been closed.

After a grand jury returned a twenty-count indictment charging defendant with third-degree forgery, N.J.S.A. 2C:21-1(a)(1); third-degree uttering, N.J.S.A. 2C:21-1(a)(3); third-degree theft, N.J.S.A. 2C:20-3(a); and third-degree attempt at theft, forgery, and uttering, N.J.S.A. 2C:5-1(a)(1), defendant

A-0699-19

applied for PTI. Citing PTI guidelines[1] 1(b) through 1(e) and 3(i)(4), the criminal division manager rejected the application because admitting defendant into PTI, which the manager described as a "rehabilitative model for victimless crimes," would "deprecate the seriousness of [defendant's] crime." Pointing out defendant had used her mother's checkbook to deposit $77,961.90 in fraudulent checks, had victimized her mother and the bank by withdrawing $25,376, and was attempting to deposit another fraudulent check in the amount of $20,300 when she was arrested, the manager concluded defendant's pattern of criminal behavior would have continued "for an unknown amount of time" had she not been caught. Because of the amount of the deposits and withdrawals, the manager found not credible defendant's assertion she had stolen the money because she and her boyfriend were struggling financially to pay their bills. The manager recognized defendant's criminal history included an additional arrest but no convictions.

Defendant subsequently pleaded guilty to one count of third-degree forgery, N.J.S.A 2C:21-1(a)(1). As part of the negotiated plea, she agreed to

---

[1] As explained in State v. Johnson, 238 N.J. 119, 128 (2019), assessment of a defendant's suitability for PTI used to be conducted under "Guidelines" provided in Rule 3:28 with consideration of factors in N.J.S.A. 2C:43-12(e). Rule 3:28 was amended and those guidelines were eliminated effective July 1, 2018, months before the December 17, 2018 denial of defendant's application.

pay restitution of no more than $25,000 and represented she had the ability to pay that amount over time.

After the plea, defense counsel submitted to the prosecutor a letter regarding defendant's "compelling reasons" for admission into PTI, referencing a purportedly similar application, which had been granted. In response, the prosecutor initially asked what "substantial and meaningful step" defendant was "willing to make towards restitution." The prosecutor ultimately rejected defendant's application as untimely given she already had pleaded guilty.

Defendant moved to compel PTI admission. The State opposed the motion, arguing in part defendant's application was untimely. The State also argued defendant's admission was properly denied considering the nature of the offense, the facts of the case, the "extent to which [her] crime constitute[d] part of a continuing pattern of anti-social behavior"; defendant's "record of criminal and penal violations and the extent to which [she] may present a substantial danger to others"; and the "value of supervisory treatment would be outweighed by the public need for prosecution" given the nature of the crime. See N.J.S.A. 2C: 43-12(e)(1), (2), (8), (9), and (14). In its opposition brief, to support its assertion defendant's history reflected a pattern of anti-social behavior and inability to comply with the law, the State disclosed facts regarding the prior

4

arrest referenced by the criminal division manager: defendant had been arrested on similar charges for stealing approximately $1100 from her grandmother. According to the State, the charges were dismissed because her grandmother did not wish to proceed. The State also faulted defendant for refusing to pay restitution to a presumably insured bank.[2]

The court placed on the record its decision on defendant's motion and sentenced her on the same day. Before the court rendered its decision on her motion, the prosecutor advised the court the State was not seeking restitution as part of the sentence.[3] The court nevertheless noted in its decision defendant's argument she should not have to pay restitution based on her assumption the bank had insurance. The court found the application was untimely but did not deny defendant's motion for that reason. The court denied defendant's motion based on its conclusion defendant had failed to establish clearly and

---

[2] The State apparently made that assertion based on defendant's initial rejection of a proposed plea offer that included restitution. Defendant ultimately agreed as part of her plea to pay up to $25,000 over time in restitution. Defense counsel at sentencing denied the prosecutor's assertion defendant had refused to pay restitution because the bank was insured and clarified he "just wanted to ascertain whether or not the bank or the victim was seeking restitution."

[3] The court later explained the bank was not seeking restitution through the criminal process but likely had sold the "bad debt" to a collection agency, which might "be coming after her civilly in order to get the money back."

A-0699-19

convincingly the PTI denial was "a patent and gross abuse of discretion." The court found defendant's actions were "not a one-time event," taking place over several months, and were "done on purpose." Noting defendant's crime was not "a minor shoplifting offense," the court cited to the "big amount of money" involved. The court sentenced her to a three-year probation period.

On appeal, defendant argues the court erred in denying her motion because the prosecutor improperly had considered a dismissed adult charge, citing State v. K.S., 220 N.J. 190 (2015); referenced the presumption against admission into PTI for people who commit a "breach of the public trust" when defendant's crime did not qualify as a public-trust offense, citing Rule 3:28-4(b)(1)(iv); and treated a substantial up-front payment as a precondition to PTI admission, citing Rule 3:28-5(d). In response, the State argues the prosecutor correctly rejected defendant's application as untimely[4] and properly considered the factors of N.J.S.A. 2C:43-12(e). The State contends the prosecutor's reference to a dismissed charge was not an improper inference of guilt but instead was a "consideration of defendant as a whole . . . reveal[ing] an individual who will

---

[4] We do not address this timeliness argument except to note the court expressly stated it was not denying defendant's motion due to the untimeliness of her application. The court stated it did not find "it would be one of those rules where you can't bend it a little bit in the interest of justice" and chose to decide the motion on "the merits."

not be deterred from future criminal conduct." The State again faults defendant for refusing to pay restitution.

PTI "is an alternative procedure to the traditional process of prosecuting criminal defendants." State v. Leonardis, 71 N.J. 85, 89 (1976). It provides prosecutors with another way of resolving charges against qualified defendants while still meeting the goals of our criminal justice system. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 473 (2018). It enables qualified defendants "to avoid a trial and the stigma accompanying a verdict of guilt to any criminal offense." State v. Bell, 217 N.J. 336, 347 (2014).

In determining whether a defendant should be diverted into PTI, a prosecutor must make an "individualized assessment of the defendant," State v. Roseman, 221 N.J. 611, 621-22 (2015), considering the defendant's "amenability to correction" and potential "responsiveness to rehabilitation," N.J.S.A. 2C:43-12(b). See also State v. Watkins, 193 N.J. 507, 520 (2008). In making that assessment, prosecutors are required to consider the seventeen non-exclusive factors listed in N.J.S.A. 2C:43-12(e). State v. Lee, 437 N.J. Super. 555, 562 (App. Div. 2014). The weight given to the various factors is left to the prosecutor's discretion. State v. Wallace, 146 N.J. 576, 585-86 (1996). The decision to divert a defendant into PTI "is a quintessentially prosecutorial

function." Id. at 582. Accordingly, courts give prosecutors "broad discretion" in making that determination. K.S., 220 N.J. at 199.

That discretion, however, "is not unbridled." Wallace, 146 N.J. at 582. A court may overturn a prosecutor's denial of a PTI application if a defendant establishes clearly and convincingly the denial was "a patent and gross abuse" of prosecutorial discretion. Watkins, 193 N.J. at 520. A defendant meets that standard by proving the PTI denial "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment." State v. Bender, 80 N.J. 84, 93 (1979); see also Lee, 437 N.J. Super. at 563; State v. Maguire, 168 N.J. Super. 109, 115 n.1 (App. Div. 1979) (finding abuse of discretion occurs when a decision "has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention").

Given the amount of prosecutorial discretion involved, our "scope of review is severely limited." State v. Negran, 178 N.J. 73, 82 (2003). But when "the prosecutor has made a legal error, there is a relatively low threshold for judicial intervention because '[t]hese instances raise issues akin to questions of law, concerning which courts should exercise independent judgment in fulfilling

A-0699-19

their responsibility to maintain the integrity and proper functioning of PTI as a whole.'" Watkins, 193 N.J. at 520-21 (quoting State v. Dalglish, 86 N.J. 503, 510 (1981)); see also State v. Maddocks, 80 N.J. 98, 104 (1979) (finding "[i]ssues concerning the propriety of the prosecutor's consideration of a particular [PTI] factor are akin to 'questions of law'"). "Remand is the proper remedy when, for example, the prosecutor considers inappropriate factors, or fails to consider relevant factors." K.S., 220 N.J. at 200; see also State v. Johnson, 238 N.J. 119, 129 (2019) (remand to the prosecutor "may be appropriate so she or he may rightly reconsider the application").

In K.S., our Supreme Court directly addressed the issue of whether a prosecutor can rely on dismissed adult criminal charges in denying a PTI application. Id. at 193. The Court held "[f]or the prior dismissed charges to be considered properly by a prosecutor in connection with an application, the reason for consideration must be supported by undisputed facts of record or facts found at a hearing" and "when no such undisputed facts exist or findings are made, prior dismissed charges may not be considered for any purpose." Id. at 199. In K.S., the PTI director concluded the defendant's arrest history evidenced "a pattern of anti-social behavior," and the prosecutor stated the defendant's criminal history suggested the current offense was "'part of a continuing pattern

A-0699-19

of anti-social behavior.'" Id. at 200. The Court found because the defendant's prior charges had been dismissed, he had no record of criminal violations and noted the record did not contain any admissions made by the defendant in the dismissed matters. Id. at 202. The Court concluded: "[u]se of prior dismissed charges alone as evidence of a history of and propensity for violence or a pattern of anti-social behavior, where defendant's culpability or other facts germane to admission into [PTI] have not been established in some way, constitutes an impermissible inference of guilt." Ibid.

In State v. Waters, 439 N.J. Super. 215, 235 (App. Div. 2015), we considered a trial court's decision overturning a PTI denial in part due to a purported improper consideration of prior dismissed charges. We reversed the trial court's decision in part because the prosecutor had denied relying on the prior charges, even though the designated PTI director had. Ibid. We have nearly the opposite situation here. In her rejection letter, the criminal division manager referenced defendant's prior arrest, did not provide any details about it other than acknowledging it did not result in a conviction, and stated her rejection was based on "deprecation concerns." Instead of denying reliance on the prior dismissed charge, like the prosecutor in Waters, this prosecutor established reliance. In its brief in opposition to defendant's motion, the State

listed the N.J.S.A. 2C:43-12(e) factors supporting the PTI denial, including "[t]he extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior," N.J.S.A 2C:43-12(e)(8), and "[t]he applicant's record of criminal and penal violations and the extent to which he may present a substantial dangers to others," N.J.S.A. 2C:43-12(e)(9). The State then disclosed the details about the prior dismissed charge, apparently with no documentary support in the record, arguing it demonstrated "a pattern of anti-social behavior and an inability to comply with the law" and "ongoing criminal conduct."

The State on appeal denies the invocation of defendant's prior dismissed charge was an improper attempt to "infer guilt," K.S., 220 N.J. at 199, and characterizes it as "a consideration of the defendant as a whole." That argument is not persuasive because it is not supported by the record – the clear purpose of detailing defendant's prior dismissed charge was to infer guilt – and is contrary to the K.S. Court's express prohibition of the consideration of prior dismissed charges, when not otherwise supported, "for any purpose." Ibid. The prosecutor's consideration of this inappropriate factor constitutes a gross and patent abuse of the prosecutor's discretion and merits reversal and remand to the prosecutor.

A-0699-19

In the letter rejecting defendant's application for PTI, the criminal division manager identified Guideline 3(i)(4), which already had been repealed, as a reason for the rejection, stating defendant's admission "would deprecate the seriousness of the crime." Repealed Guideline 3(i)(4) made no reference to deprecation; it provided the PTI application procedure for defendants charged with the types of crime requiring the prosecutor, pursuant to repealed Guideline 3(i), to consider "the nature of the offense" in reviewing the application. Repealed Guideline 3(i)(1)(c) created a presumption of PTI rejection when the defendant's crime was "a breach of the public trust where admission to a PTI program would deprecate the seriousness of defendant's crime." When the manager issued the rejection letter, the public-trust presumption was set forth in Rule 3:28-4(b)(1)(iv).

"A breach of the public trust occurs when a governmental agency or officer, vested with the public trust, causes harm to the public by breaching its trust." State v. Denman, 449 N.J. Super. 369, 378 (App. Div. 2017). To be found in breach of the public trust, the defendant "must owe some sort of fiduciary duty directly to the public at large in order to breach the public trust." Ibid. In Denman, we found the prosecutor had erred in applying the public-trust presumption to the defendant and the imposition on defendant of the Guideline

3(i)(4) procedures constituted "a gross and patent abuse of the prosecutor's discretion." Id. at 379. We similarly find here the application of the public-trust presumption on defendant, to whom it clearly did not apply, to be a gross and patent abuse of the prosecutor's discretion.

The last issue on appeal – whether and in what way the prosecutor considered restitution in the denial of defendant's application – is rendered moot by our remand based on the first two bases of appeal and the State's decision not to seek restitution. Defendant premises her argument on this issue on the prosecutor's email responding to defense counsel's "compelling reasons" letter and the State's brief in opposition to her motion, both of which were submitted before the State advised the court of its decision not to seek restitution. Because restitution is no longer an issue in this case and given our remand, we see no reason why it should be considered in determining defendant's eligibility for admission to PTI.

Reversed and remanded to the prosecutor for reconsideration of defendant's eligibility for PTI. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0699-19